IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROME DAVIS, ) | |
| ) | 4:06cv3013 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| MARK ASHFORD, Judge of Douglas ) | |
| County District Court, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for initial review of the civil rights complaint filed pursuant to 42 U.S.C. § 1983 by the plaintiff, Jerome Davis, a prisoner. Also before the court is filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP").

## *PLRA*

Because the plaintiff is a prisoner, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. See 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Similarly, by moving for leave to proceed IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that–
(A) the allegation of poverty is untrue; or

(B) the action or appeal–
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff has sued a judge of the District Court of Douglas County, Nebraska, for conduct occurring within the judge's jurisdiction. The complaint indicates that the plaintiff filed a civil action in Douglas County District Court, and when a motion for more definite statement came up for hearing, the defendant denied the plaintiff's request to be transported from prison to attend the hearing. The plaintiff purports to bring this case as a class action for injunctive and declaratory relief to redress the denial of his right to equal protection (and presumably the rights of the members of the putative class).

As discussed below, the plaintiff may not bring a class action or recover injunctive relief. He has not requested damages, but that remedy also is precluded. In light of the dismissal of most of the plaintiff's complaint, filing no. 2, the plaintiff's Motion to Proceed IFP, will be denied, and the plaintiff will be given a deadline to pay the court's filing fee. In the absence of timely payment of the filing fee, this case will be subject to dismissal without prejudice.

### *Class Action*

The plaintiff, as a pro se litigant, may not represent other parties. "Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." Craig v. Cohn, 80 F. Supp.2d 944, 946 (N.D. Ind. 2000) (citations omitted). Accord Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). See also Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000): "A litigant may bring his own claims to federal court without counsel, but not the claims of others." Accord Allnew v. City of Duluth, 983 F.Supp. 825, 831 (D. Minn. 1997).

2

*Injunctive Relief*

Although the United States Supreme Court held in 1984 that prospective injunctive relief could be granted against a judicial officer acting in his or her judicial capacity, see Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), Congress amended 42 U.S.C. § 1983, in 1996, by enacting the Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996). Section 309(c) of that Act bars injunctive relief in any § 1983 action, with limited exceptions, "against a judicial officer." As amended, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, **except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable**. For purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(Emphasis added.)

In this case, the plaintiff does not allege that the defendant violated any declaratory decree, and the plaintiff sets forth no reason why he could not have filed an action seeking a declaration. If a plaintiff does not allege that the judicial defendant violated a declaratory decree or that declaratory relief was unavailable, the judicial immunity conferred by 42 U.S.C. § 1983, as amended, requires dismissal of claims for prospective injunctive relief against judicial officers for actions taken in their judicial capacity.

*Damages*

Although not requested, I emphasize that the remedy of monetary relief is also unavailable to the plaintiff. Judges have absolute immunity from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Id. "'As a class judges have

3

long enjoyed a comparatively sweeping form of immunity, though one not perfectly well-defined.'... Termed absolute or judicial immunity, the doctrine shields members of the judiciary from liability in certain instances." Doyle v. Camelot Care Centers, Inc., 305 F.3d 603, 622 n. 13 (7th Cir. 2002) (citation omitted).

### *Summary*

All that is left of the plaintiff's case is a claim for a declaratory judgment that by refusing to allow the incarcerated plaintiff to attend a hearing on a motion for more definite statement in a civil case, the defendant state judge violated the plaintiff's federal constitutional rights.  Having screened the complaint pursuant to the PLRA and IFP statute, I determine that the complaint fails to state a claim upon which relief may be granted. Accordingly, if the plaintiff wishes to pursue this matter, he may do so after paying the court's filing fee.  Filing no. 2 is denied.

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiff's Motion to Proceed IFP, is denied, and by February 24, 2006, the plaintiff shall pay the court's $250 filing fee for this case; and

2. That in the absence of the entire $250 filing fee by February 24, 2006, this case may be subject, without further notice, to dismissal without prejudice.

January 25, 2006.             BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge