IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROME DAVIS, | ) |
| Plaintiff, | ) 4:06cv3013 |
| vs. | ) MEMORANDUM AND ORDER |
| | ) (appeal) |
| MARK ASHFORD, Judge of Douglas County District Court, | ) |
| Defendant. | ) |

This matter is before the court on filing no. 7, the interlocutory appeal filed by the plaintiff, Jerome Davis, a prisoner, and filing no. 8, the Memorandum from the Clerk of Court inquiring whether the plaintiff will be proceeding in forma pauperis ("IFP") on appeal. The plaintiff appeals filing no. 5, the Memorandum and Order in which I denied his Motion to Proceed IFP in the district court. I denied IFP on the following grounds pursuant to 28 U.S.C. § 1915A (screening prisoner complaints) and 28 U.S.C. § 1915(e)(2) (IFP standards):

(1) the plaintiff, as a pro se litigant, may not represent other parties or bring a class action, as he purports to do in this case;

(2) the plaintiff's claim against the defendant, a state judge in the judge's official capacity, for prospective injunctive relief is barred by § 309(c) of the Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996), incorporated into 42 U.S.C. § 1983, stating: "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable;" and

(3) the defendant would be shielded by absolute judicial immunity from any claim for damages against him in the circumstances of this case.

The Eighth Circuit Court of Appeals has stated that district courts should continue to certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a) whether or not a an appeal by an appellant who wishes to proceed IFP on appeal is or is not taken in good faith. <u>Henderson v. Norris</u>, 129 F.3d 481, 485 (8th Cir. 1997). If the district court concludes

that such an appeal is not taken in good faith, it shall, pursuant to Fed. R. App. P. 24(a), state in writing the reasons for the denial.  Id.

Having considered the record in this action, I conclude that this appeal is not taken in good faith.  The plaintiff has not stated a claim on which relief may be granted, and this appeal is frivolous.

If a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of the district court must serve notice of the district court's decision on the parties and the Court of Appeals.  Fed. R. App. P. 24(a)(4).  The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal.  Fed. R. App. P. 24(a)(5).  Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal.  Id.

THEREFORE, IT IS ORDERED:

1. That leave to proceed IFP on appeal is denied;

2. That the Clerk of Court shall send a copy of this Memorandum and Order to the parties and the Eighth Circuit Court of Appeals as the notice required by Fed. R. App. P. 24(a)(4), and the Clerk shall process the appeal to the Eighth Circuit; and

3. That the plaintiff may file a motion in the Court of Appeals for leave to proceed IFP on appeal.

February 3, 2006.                    BY THE COURT:

                                     /s *Richard G. Kopf*
                                     United States District Judge